ORIGINAL

Law Offices of Emmanuel G. Guerrero
EMMANUEL G. GUERRERO 5275
568 Halekauwila Street, 2ND Floor
Honolulu, Hawaii 96813
Telephone: (808) 532-2950
Facsimile: (808) 545-2628
Email: Attyegg@aol.com
Attorney for Defendant

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 0 7 2006

at __ o'clock and __ min __ M
SUE BEITIA, CLERK

PEARLIE LOU MOORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>vs.<br><br>PEARLIE LOU MOORE, aka Pearlie<br>Lou Langaman and Perlie Lou<br>Langaman,<br><br>   Defendant. | ) CR. NO. 05-0070 DAE -02<br>)<br>) PEARLIE LOU MOORE 'S<br>) SUPPLEMENTAL SENTENCING<br>) STATEMENT; EXHIBIT "A";<br>) CERTIFICATE OF SERVICE<br>)<br>)<br>)<br>)<br>) |

PEARLIE LOU MOORE 'S SUPPLEMENTAL SENTENCING STATEMENT

COMES NOW defendant, PEARLIE LOU MOORE, through her counsel,

EMMANUEL G. GUERRERO, and respectfully submits her Supplemental

Sentencing Statement in the above-entitled case, and hereby states that she has no

objections to the updated Presentence Investigation Report dated February 7, 2006.

## I.  MODIFICATIONS TO PSR

Defendant asserts that she had debriefed with the Government on March 3, 2005, and again debriefed on January 31, 2006, and that upon request by the Government, she will participate in further debriefing prior to Sentencing, and therefore she would qualify and be eligible for a two (2) level reduction pursuant to §2D1.1(b)(6) and §5.C.1.2 of the U.S.S.G.  As such, the adjusted Total Offense Level should be 31 (paragraph 33), and that the range of Sentence under the Advisory Guideline provision should be at 108-135 months (Paragraph 75).

## II.  MOTION FOR DOWNWARD

In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held two things.  One holding, per an opinion for the Court authored by Justice Stevens, is that the principles espoused in Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 124 S. Ct. 2531 (2004), apply to federal sentencing. Because the United States Sentencing Guidelines, as written, are mandatory, the prescribed guideline range for the facts of conviction constitute the "maximum sentence" for constitutional purposes.  See Booker, at *8-10.  Consequently, to increase that guideline range on the basis of judge-made factual findings violates the sixth amendment's jury-trial guarantee.  See Booker, at *15-*16.  Justice Stevens' opinion for the Court, then, reaffirms the Court's "holding in Apprendi: Any fact (other than a prior conviction) which is necessary to support a sentence

2

exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, at * 15.

The second holding in Booker, per an opinion for the Court authored by Justice Breyer, attempts to remedy the constitutional problem that the Guidelines, as written, present. Justice Breyer's opinion for the Court severs two provisions -- 18 U.S.C. §§ 3553(b)(1) and 3742(e), only the former being relevant here -- from the rest of the Sentencing Reform Act of 1984. "So modified," the Federal Sentencing Act," see 18 U.S.C. § 3551, et seq., "makes the Guidelines effectively advisory." Booker, at *16. Thus, while the Act "requires a sentencing court to consider Guideline ranges, see 18 U.S.C.[] § 3553(a)(4), … it," nonetheless, "permits the court to tailor the sentence in light of other statutory concerns as well, see [18 U.S.C.] § 3553(a)[.]" Booker, at *16.

Indeed, 18 U.S.C. § 3553(a) not only "permits" tailoring of the sentence to other statutory concerns, but *requires* such tailoring:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider --
>
> (1)   the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2)   the need for the sentence imposed --

3

      (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

      (B)    to afford adequate deterrence to criminal conduct;

      (C)    to protect the public from further crimes of the defendant; and

      (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)    the kinds of sentences available;

(4)    the kinds of sentence and the sentencing range established for --

      (A)    the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[; and]

      (B)    in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission [and in effect at the time of sentencing;]

(5)    any pertinent policy statement [issued by the Sentencing Commission and in effect at the time of sentencing];

(6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

      (7)    the need to provide restitution to pay victims of the offense.

18 U.S.C. § 3553(a). And so as to further consideration of these factors, "[n]o limitation shall be placed," by the non-mandatory, now-advisory Guidelines or any other source, "on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661.

It bears emphasizing that this Court is required to "impose a sentence *sufficient*, but *not greater than necessary*, to comply" with the four traditional "purposes" of punishment. 18 U.S.C. § 3553(a) (emphases added). This is a rule of leniency, mandating mercy over maximizing any single goal of punishment, be it a traditional goal or novel one, or any combination of punishment objectives. To be precise, § 3553(a) mandates that the sentence this Court imposes shall be sufficient, but not greater than necessary, to achieve retribution, see § 3553(a)(2)(A) ("to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"), both specific and general deterrence, see § 3553(a)(2)(B) ("to afford adequate deterrence to criminal conduct" by the defendant and others), incapacitation, see § 3553(a)(2)(C) ("to protect the public from further crimes of the defendant"), and rehabilitation, see

§ 3553(a)(2)(D) ("to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner").

In essence, a Guideline sentence promotes only one these objectives: incapacitation. Indeed, a Guideline sentence, particularly one enhanced as fully as the government urges here, seeks little more than to *maximize* incapacitation *without regard to* the other three traditional aims of punishment. One area in which this can readily be seen is in the provisions of the Guidelines eschewing probation -- and the goals of rehabilitation inherent in a sentence of probation, the terms and conditions of which typically entail significant mental health and substance abuse treatment, as well as other classes and programming of some kind -- in favor of incarceration. Statutorily, probation is, generally speaking, only unavailable for class-A and class-B felons. See 18 U.S.C. § 3561. The Guidelines, however, generally preclude imposition of a sentence of probation if the applicable guideline range provides for a minimum term of imprisonment of eight months or more. See U.S.S.G. § 5B1.1., comment (n. 2). Under the Guidelines, then, a sentence of probation might be prohibited not only for someone convicted of a class-A and class-B felony, but for someone convicted of a class-C, class-D, or class-E felony, as well as someone convicted of a class-A misdemeanor. See 18 U.S.C. § 3581 (generally prescribing the terms of imprisonment). Not only does

this lay bare the Guidelines' preference for incarceration, but, too, runs afoul of 18 U.S.C. § 3553(a)(3)'s mandate that this Court "shall consider" the other types of sentences allowed by statute.

Because a Guideline sentence simply seeks to maximize only *one* of the purposes set forth in § 3553(a)(2), it is *not* a sentence that is "sufficient, but not greater than necessary, to comply with" all *four* of the traditional purposes of punishment § 3553(a)(2) directs this Court to consider in fashioning an appropriate sentence. Even on its own terms, the sentence that the Guidelines prescribe *is* greater than necessary to achieve incapacitation. And it utterly fails to account for a sentence that would seek to rehabilitate the defendant or, for that matter, suffice (but not maximize) to obtain retribution and achieve deterrence.

A Guideline sentence also fails to take account of the other "factors" that § 3553(a) requires this Court to consider. For example, the Guidelines restrict consideration of the particular circumstances of the offense, see, e.g., U.S.S.G. §§ 5K2.10., p.s. (restricting consideration of the victim's conduct), 5K2.12., p.s. (restricting consideration of coercion or duress), and 5K2.13., p.s. (restricting consideration of diminished capacity), and, perhaps more importantly, specific characteristics of the defendant, see, e.g., U.S.S.G. §§ 5H1.1., p.s. (restricting consideration of defendant's age), 5H1.2., p.s. (restricting consideration of defendant's educational or vocational skills), 5H1.3. p.s., (restricting consideration

of defendant's mental or emotional conditions), 5H1.4., p.s. (restricting consideration of defendant's physical condition, including a drug, alcohol, gambling addiction), 5H1.5., p.s. (restricting consideration of defendant's employment history), 5H1.6., p.s. (restricting consideration of defendant's family ties and responsibilities), 5H1.10., p.s. (restricting consideration of defendant's race, sex, national origin, creed, religion, and socio-economic status), 5H1.11., p.s. (restricting consideration of defendant's "prior good works," including military or other public service), 5H1.12 (restricting consideration of defendant's "disadvantaged upbringing"), 5K1.1, p.s. (restricting consideration of defendant's acceptance of responsibility), 5K2.0., p.s. (restricting other grounds for departure from a guideline sentence); but see 18 U.S.C. § 3553(a)(1) (requiring individualization of the sentence).

Because the Guidelines do not necessarily advise imposition of a sentence that is merely sufficient and is no greater than necessary to achieve all four traditional goals of punishment and, moreover, do not necessarily advise a sentence that individualizes the sentence to the defendant and the crime being punished, the sentence that the Guidelines advise is not necessarily reasonable in light of the factors that 18 U.S.C. § 3553(a) requires this Court to consider. Slavish adherence to the sentence prescribed by the Guidelines, in sum, is not appropriate in this case and may well result in the imposition of an unreasonable sentence.

## RELEVANT FACTS

Defendant PERLIE LOU MOORE ("Moore") is 33 years old and happily married to Gary F. Moore, a Sergeant in the U.S. Army, since February 16, 2001. Moore was born in Honolulu, Hawaii, but relocated to the Philippines with her family. However, in 1983 Moore's father passed away, and Moore and her family remained in the Philippines. However, when Moore was 13, she was sent to live in Hawaii with her aunt (father's cousin) as there was a threat in the Philippines that Moore would be kidnapped. Moore's mother and siblings later relocated back to Hawaii and are now residing in Hawaii. Moore's younger brother, Dan Langaman, is a co-Defendant in this case.

Moore graduated from Waialua High School in 1992. While at high school, it was there that she smoke marijuana. Previously, Moore had smoked "ice" once or twice a week in 1990, and smoked "crack" cocaine daily from 1993 to 1995.

After this instant arrest on February 28, 2005, Moore participated with out-patient Army Substance Abuse Program with the military and has successfully completed said program. (See Letter dated January 30, 2006 from Ms. Betsy Wroblewski, attached hereto as Exhibit "A"). According to Moore, she has learned many things through the Program and hopes to continue with additional and on-going treatment. And through the program, Moore has learned that although she participated in the conspiracy to make extra money, that she did not

need the extra money in that she had the strong support (emotionally and financially) from her husband and other family members. For example, as a condition of Bail, Mr. Moore utilized the family home as surety, along with $5,000.00 cash.

Moore has expressed remorse for her conduct. In addition, Moore has accepted responsibility for her conduct in this conspiracy. It is now Moore's intention on moving forward with her life and never to again have any contact with law enforcement. Moore understands the consequences, and is ready to face whatever Sentence imposed by this Court.

Based on the foregoing, Moore respectfully requests that the Court grant the motion for downward departure. The mitigating factors in this case show that this is a case outside the "heartland" of sentencing. It is a case of unique circumstances not adequately considered by the sentencing guidelines.

DATED: Honolulu, Hawaii, April 6, 2006.

EMMANUEL G. GUERRERO
Attorney for Defendant
PEARLIE LOU MOORE